UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Patti Duksta,<br><br>              Plaintiff,<br><br>vs.<br><br>GE Capital Retail Bank,<br><br>              Defendant. | No.: ___<br><br>[Removal from the Court of Common Pleas of Luzerne County Civil Division Case No. 2013-14510]_____<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Electronically Filed |

## NOTICE OF REMOVAL

Defendant GE Capital Retail Bank (hereinafter "GECRB") hereby removes to this Court the state court action described below. This case is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441, as this case involves a Federal Statute.

### I.    PROCEDURAL BACKGROUND

1.    On or about December 24, 2013, Plaintiff Patti Duksta (hereinafter, "Plaintiff") filed a Complaint in the Court of Common Pleas of Luzerne County Civil Division, *Patti Duksta v. GE Capital Retail Bank*, Case No. 2013-14510 (hereinafter the "State Court Action"). GECRB received a courtesy copy of the Complaint via email dated January 6, 2014 however, to date, GECRB has no record of receiving formal service of the Complaint or summons. A true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit A.

2.    This removal has been timely filed because it is filed within thirty days of the date GECRB was notified of the Complaint. *See* 28 U.S.C. § 1446(b).

3. This action against GECRB could have been originally filed in this Court pursuant to 28 U.S.C. § 1331 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

4. This District Court is the federal judicial district encompassing the Court of Common Pleas where this suit was originally filed. Venue is thus proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

## II. GROUNDS FOR REMOVAL

**A.  Removal Is Proper Because This Case Involves A Federal Statute**

5. Plaintiff's Complaint is removable under 28 U.S.C. § 1441 because it originally could have been filed in this Court under 28 U.S.C. § 1331, in that Plaintiff brings a cause of action against GECRB under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. *See* Compl. ("Count I. Violation of Telephone Consumer Protection Act"). Specifically, Plaintiff alleges that around the beginning of 2013, GECRB began contacting Plaintiff numerous times to collect an alleged debt. Compl. ¶ 5. Plaintiff further alleges that an "automatic dialer" was used to place calls to her cell phone, in violation of 47 USC § 227(b). Id., ¶ 5-7. Plaintiff asserts that Defendant's conduct violated the TCPA. Compl. ¶¶ 11-15.

6. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

-3-

7. As Plaintiff's above-listed cause of action arises under 47 U.S.C. § 227, over which this Court has original jurisdiction, Plaintiff's Complaint is proper for removal under 28 U.S.C. § 1441.

WHEREFORE, this action should proceed in the United States District Court for the Middle District of Pennsylvania, as an action properly removed thereto.

DATED:  February 5, 2014

        REED SMITH LLP

        By: _____

        Ariel N. Forbes
        PA Identification No. (306979)
        225 Fifth Avenue,
        Pittsburgh, PA 15222
        (412) 288-3530

        aforbes@reedsmith.com

        *Attorney for Defendant*
        *GE Capital Retail Bank*